# UNITED STATES DISTRICT COURT

for the

Western District of Wisconsin

| | | |
|---|---|---|
| JOSEPH W. BENDER,<br>JEREMY W. STROEBEL,<br>THOMAS G. WHITE, JR.,<br>TYLER S. HOLMAN,<br>TYLER J. HOOD,<br>CHELSEA N. CADOTTE, on behalf of<br>themselves and all others similarly<br>situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.   19-CV-29<br><br>Jury Trial Demanded |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| STATE OF WISCONSIN,<br>ANTHONY S. EVERS, in his official<br>capacity as Governor of Wisconsin,<br>KELLI S. THOMPSON, in her official<br>capacity as Wisconsin State Public<br>Defender, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## COMPLAINT

## INTRODUCTION

1.  Plaintiffs bring this civil rights class action lawsuit pursuant to 42 U.S.C. § 1983, to

    remedy the State of Wisconsin's failure to provide constitutionally required, effective

    legal representation to indigent people accused of crimes for which there is a possibility

    of incarceration.  The State's failure violates the Sixth and Fourteenth Amendments to

    the United States Constitution and Article 1, Sections 7 and 8 of the Wisconsin

1

Constitution.  Plaintiffs bring this action on behalf of themselves and all those similarly situated.

## JURISDICTION AND VENUE

2.  This action arises under the Sixth Amendment of the United States Constitution; the Fourteenth Amendment of the United States Constitution; 42 U.S.C. § 1983; and Article 1, Sections 7 and 8 of the Wisconsin Constitution.

3.  The Court has Federal Question Jurisdiction over this case under 28 U.S.C. § 1331.

4.  Venue rests with this Court, because all parties reside in the Western District of Wisconsin and because Plaintiffs' claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## PARTIES

5.  Plaintiff Joseph W. Bender is an adult resident of the State of Wisconsin who at all times relevant herein resided at 67060 Highway 2 East, Ashland, Wisconsin 54806.

6.  Plaintiff Jeremy W. Stroebel is an adult resident of the State of Wisconsin who at all times relevant herein resided at 421 7th Avenue East, Ashland, Wisconsin 54806.

7.  Plaintiff Thomas G. White, Jr. is an adult resident of the State of Wisconsin who at all times relevant herein resided at N15621 Rankin Avenue, Park Falls, Wisconsin 54552.

8.  Plaintiff Tyler S. Holman is an adult resident of the State of Wisconsin who at all times relevant herein resided at 77465 Church Corner Road, Washburn, Wisconsin 54891.

9.  Plaintiff Tyler J. Hood is an adult resident of the State of Wisconsin who at all times relevant herein resided at 69045 Range Line Road, Iron River, Wisconsin 54847.

10.   Plaintiff Chelsea N. Cadotte is an adult resident of the State of Wisconsin who at all times relevant herein resided at 89440 Blueberry Road, Bayfield, Wisconsin 54814.

11.   Defendant State of Wisconsin ("State") is a body politic and corporate, created by the act of the United States Congress entitled, "An act to enable the people of Wisconsin territory to form a constitution and state government, and for admission of such state into the Union," approved August sixth, one thousand eight hundred and forty-six.  Article II, Section I, Wisconsin Constitution.

12.   Defendant Anthony S. Evers is an adult resident of the State of Wisconsin who is the Governor of the State of Wisconsin.  His office address is: 115 East Capitol # 1, Madison, Wisconsin 53702.  Evers is being sued in his official capacities in this action.

13.   Defendant Kelli S. Thompson is an adult resident of the State of Wisconsin who is appointed by the State Public Defender Board to be the Wisconsin State Public Defender. Her office address is:  17 South Fairchild Street, Madison, Wisconsin 53703.  Thompson is being sued in her official capacities in this action.

## BACKGROUND

14.   Any person accused of a crime who cannot afford an attorney has the Right to Appointed Counsel.  *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S. Ct. 792, 796 (1963).  The Right to Counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.  *Id.* at 340, 83 S. Ct. 792, 794.

15.   "A criminal defendant has the constitutional right to *effective* assistance of counsel." *State v. Sholar*, 2018 WI 53, ¶ 32, 381 Wis. 2d 560, 585, 912 N.W.2d 89, 101 (2018) (emphasis added); *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984).

3

16. The Sixth Amendment of the United States Constitution endows criminal defendants with the right to a speedy and public trial. *U.S. Const. amend. VI.*

17. The State's excessive delay in appointing legal counsel violates this constitutionally-guaranteed right. As the Supreme Court of the United States has explained, "[o]nce triggered by arrest, indictment, or other official accusation . . . the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice." *Doggett v. United States*, 505 U.S. 647, 655, 112 S. Ct. 2686, 2692, 120 L. Ed. 2d 520 (1992).

18. Under Wisconsin law, four factors are considered to determine whether a speedy trial violation has occurred: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." *State v. Urdahl*, 2005 WI App 191, ¶ 11, 286 Wis. 2d 476, 485, 704 N.W.2d 324, 329. The speedy trial analysis is based on the totality of the circumstances. *Id.*

19. The system for indigent defense in Wisconsin has reached a state of crisis. It is well-settled law that the State must promptly provide effective legal representation for indigent criminal defendants. *Id.* However, throughout Wisconsin, these defendants are simply not being promptly appointed the effective legal counsel mandated by the United States and Wisconsin Constitutions.

///

///

///

///

///

4

## FACTS ENTITLING PLAINTIFFS TO RELIEF

20.   Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

21.   The State must provide effective legal representation to indigent people accused of committing crimes for which there is a possibility of incarceration.  As an executive agency, the Wisconsin State Public Defender's Office (SPD) is tasked with providing such legal representation.

22.   Staff attorneys at SPD have significant—in some cases staggering—caseloads that can preclude representation for all eligible defendants.  Moreover, even if these caseloads were manageable, frequent conflicts of interest arise that bar SPD staff attorneys from representation of indigent clients.

23.   The overflow cases created by unmanageable caseloads and conflicts of interest require SPD to appoint counsel from the private bar.  Wis. Stat. § 977.08 sets the current rate of compensation for this representation at $40.00 per hour, the lowest rate in the country.[1]  In fact, due to the costs of operating a law practice, private attorneys actually lose money by taking on representation at such a low rate.[2]

24.   This low compensation rate makes it difficult for the SPD to find local attorneys willing to accept appointments, particularly in smaller, rural counties.  All of the above-named Plaintiffs reside in two of these smaller counties, Ashland County and Bayfield County.

---

[1] Kelli S. Thompson, page 1, *Comments on Supreme Court Rule Petition 17-06* (May 1, 2018).
[2] *Id.* at 2.

25.  In Ashland County, seventy-three percent (73%) of SPD appointments go to private attorneys from other counties.  In Bayfield County, ninety-nine percent (99%) of these appointments go to out-of-county attorneys.[3]

26.  This problem has been exacerbated by the Supreme Court of Wisconsin's recent decision declaring that "increasing the compensation rate [for court-appointed counsel] in SCR 81.02 from $70/hour to $100/hour is appropriate."[4]  In other words, private attorneys in every county across Wisconsin have a strong incentive to refuse SPD appointments, as the rate is too low to cover operating costs for private defense attorneys.

27.  The SPD's $40.00 per hour rate discourages the most experienced and seasoned attorneys across the state from representing indigent clients.

28.  Because so many indigent criminal defendants are without legal representation, an enormous number of court proceedings must be repeatedly adjourned.[5]  This cycle is wasting already-sparse judicial resources, particularly in smaller, rural counties.

29.  Unfortunately, these circumstances are not unique to the named Plaintiffs.  Throughout Wisconsin, indigent defendants are being denied their constitutional rights due to the State's failure to provide necessary resources.  This failure demonstrates a lack of compliance with current federal and state law.

30.  Individuals who are unable to post cash bond have been forced to sit in jail for weeks or even months on end—before being appointed counsel.

---

[3] *Id.* at 3.
[4] *In re the Petition to Amend SCR 81.02*, 2018 WI 83 (publication pending).
[5] Courts have the authority to adjourn Initial Appearances to allow for time to appoint counsel.  Wisconsin circuit courts are ordering these adjournments, often several times in one case.  As a result, indigent clients are sitting in jail for long periods of time, before any substantive proceedings can even begin.

31. The failure to promptly provide constitutionally-mandated, effective legal representation to indigent clients has seriously harmed the Plaintiffs and others similarly situated. Because counsel is not being provided, indigent defendants are frequently appearing at bail hearings pro se, leading to lengthy and unnecessary stays in jail.

32. In fact, for the SPD to appoint private attorneys in Ashland or Bayfield Counties, the local SPD office must contact—on average—thirty-nine (39) attorneys per case. More alarmingly, the average time required to make these contacts is twenty-four (24) days.[6]

33. The amount of time needed to make sufficient contacts for private appointments means that the indigent accused must often sit in jail for long periods of time. These indigent clients do not have the legal education or experience to advocate for themselves.

34. Many indigent defendants are gainfully employed before being detained in county jails. However, these stays in jail quickly terminate all employment opportunities. While this loss of employment and economic opportunity harms the families and dependents of the accused, the harm also spills over into the community because employers have fewer workers, less work is being performed, and local economies are less robust. This harm could be avoided but for the State's continuing failure to appoint counsel to the indigent accused, because experienced legal counsel could file motions to modify bond conditions.

35. Moreover, this loss of employment means that many criminal defendants who could potentially afford private counsel at the outset of their confinement quickly become indigent, adding to the growing pool of clients who are entitled to legal counsel, but to whom it has not been provided by the State.

_____

[6] Kelli S. Thompson at 4.

36.     After hearings have been adjourned to wait for the appointment of legal counsel, many circuit court judges make appointments for indigent defendants at the expense of local counties.  In other words, the State's ongoing failure to promptly appoint legal counsel to indigent defendants has forced local counties to bear costs that should be covered by the State.  In fact, when the cost of this legal representation is forced onto the local counties, the rate of compensation more than doubles.[7]

37.     While waiting in jail for counsel to be appointed, these defendants do not understand the importance of a speedy trial demand; unrepresented lay defendants are unable to make such demands without the assistance of experienced, effective legal counsel.  Access to this counsel is mandated by the United States and Wisconsin Constitutions, yet the State has repeatedly failed to promptly appoint attorneys for indigent criminal defendants.

38.     The State's failure to promptly appoint counsel has also led to overcrowded jails.  In at least two counties in northern Wisconsin, local sheriffs have taken the extraordinary measure of ordering their deputies to stop arresting people unless a felony or domestic abuse violation had occurred.[8]  In late 2018, the Sheriff's Offices in both Washburn and Burnett Counties issued memoranda to this end.[9]  The Burnett County Sheriff stated, "[o]ur job here is to keep everyone safe, and with these levels of incarceration it is not safe for the inmates or our staff."[10]  The Sheriff also stated that parole and probation violators could not be brought to jail, and the same memorandum ordered deputies not to seek out defendants who were the subject of bench warrants.[11]  A significant factor in the

---

[7] *In re the Petition to Amend SCR 81.02.*  2018 WI 83 (publication pending).
[8] Burnett County Sheriff's Office, *Memorandum* (December 4, 2018).
[9] *Id.*
[10] *Id.*
[11] *Id.*

8

critical overcrowding of Wisconsin's jails is the State's failure to promptly appoint effective counsel for indigent criminal defendants.

39. The Burnett County Circuit Court responded to this directive by issuing a written order for the Sheriff to rescind the directive as it related to bench warrants and probation violations.[12]   In other words, the harm caused by the State's failure to appoint counsel is reaching other parts of the criminal justice system and spreading out into the community.

40. In some instances, the court will order an SPD staff attorney to make a special appearance for an unrepresented client.  However, SPD staff attorneys do not have the time to meet with the client and adequately prepare for the hearing.  These court-ordered special appearances do not mitigate the ongoing harm to indigent defendants; rather, these one-time appearances amount to constitutionally inadequate legal representation.

41. Even when counsel is eventually appointed, indigent defendants have serious difficulty communicating with their attorneys.  Limited funding from SPD also restricts the ability of appointed counsel to perform independent investigations, review discovery, seek out expert opinions, and prepare for trial.

42. Further, while counsel may eventually be appointed by the SPD, the attorneys that are appointed tend to be the least experienced members of the bar.  Currently, the SPD does not require new attorneys to demonstrate prior courtroom experience or mentorship before being assigned misdemeanor cases.  This lack of additional training by SPD prejudices the Plaintiffs' ability to adequately prepare a defense.

43. The State of Wisconsin is the source of all these constitutional violations.  The State issues the criminal charges.  The accused who are detained before trial are imprisoned by

---

[12] Burnett County Circuit Court, *Standard Procedural Order* (December 10, 2018).

the State.  The State funds the SPD and sets the rate of compensation for appointed attorneys.  The State is aware that among the rights of the accused are the Right to Counsel, the Right to Due Process, and the Right to a Speedy Trial.  However, the State's failure to sufficiently fund the SPD or adequately compensate private attorneys for their time has deprived the Plaintiffs, and all those similarly situated, of these constitutionally-mandated rights.

**Plaintiff Joseph W. Bender**

44.  Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

45.  Plaintiff Joseph W. Bender lives with his daughter and girlfriend in Ashland, Wisconsin. Mr. Bender has lived in Ashland County for his entire life.

46.  Mr. Bender was arrested and jailed in Ashland County on October 14, 2018.  A criminal complaint was filed, and the Ashland County Circuit Court ordered a $5,000.00 cash bond on October 17, 2018.

47.  Mr. Bender qualified for Public Defender representation.  However, the Public Defender's Office in Ashland did not appoint legal counsel for Mr. Bender.  If Mr. Bender had access to effective legal counsel, then Mr. Bender's attorney could have moved the court to modify the imposed bail conditions, potentially allowing Mr. Bender to be with his child and girlfriend as the litigation played out.  Unfortunately, lay defendants like Mr. Bender do not have the legal expertise to effectively perform this kind of work.

48.  An Initial Appearance was scheduled to take place on October 22, 2018.  At this hearing, the court was informed that while Mr. Bender qualified for Public Defender

representation, counsel had not yet been appointed.  As a result, the court adjourned the Initial Appearance for two weeks, and Mr. Bender remained in the Ashland County Jail.

49. The Adjourned Initial Appearance was scheduled to take place on November 5, 2018. Counsel had still not been appointed for Mr. Bender, so the court adjourned the Initial Appearance for yet another two weeks.  In this interim, Mr. Bender remained in jail.

50. The second Adjourned Initial Appearance was scheduled to take place on November 19, 2018.  The Public Defender's Office had still not appointed counsel for Mr. Bender.  The court stated that the Initial Appearance would only be adjourned once more, and if counsel was not appointed by the next hearing, the court would appoint counsel paid for by Ashland County.  The court adjourned proceedings for a full three weeks to allow for the appointment of counsel.  Mr. Bender spent these three weeks in the Ashland County Jail, before his Initial Appearance had taken place.

51. The third Adjourned Initial Appearance was scheduled for December 10, 2018.  The Public Defender's Office had still not appointed counsel for Mr. Bender, so the hearing was postponed for another week.  The court gave Mr. Bender the documents with which to request county-appointed counsel; Mr. Bender promptly submitted these documents to the court as he waited in the Ashland County Jail.

52. The Public Defender's Office finally appointed a staff attorney to represent Mr. Bender on December 14, 2018.  Mr. Bender sat in jail for sixty-one (61) days before legal counsel was appointed.

53. Mr. Bender's fourth Adjourned Initial Appearance finally took place on December 17, 2018, more than nine (9) weeks after his arrest.

**Plaintiff Jeremy W. Stroebel**

54.   Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

55.   Plaintiff Jeremy W. Stroebel was arrested, charged with a crime, and jailed in Ashland County on September 7, 2018.

56.   Mr. Stroebel qualified for Public Defender representation.   However, the Public Defender's Office in Ashland did not appoint legal counsel for Mr. Stroebel.

57.   After adjourning Mr. Stroebel's Initial Appearance six (6) times, the Ashland County Circuit Court finally appointed legal counsel paid for by Ashland County on November 21, 2018.

58.   Mr. Stroebel sat in jail for seventy-five (75) days before being appointed counsel.


**Plaintiff Thomas G. White, Jr.**

59.   Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

60.   Plaintiff Thomas G. White, Jr. was arrested, charged with a crime, and jailed in Ashland County in August of 2018.

61.   Mr. White qualified for Public Defender representation.   The Public Defender's Office in Ashland appointed a staff attorney to represent Mr. White on September 11, 2018. However, Mr. White had to terminate this representation after the staff attorney did not have time to meet with Mr. White in order to prepare a defense.

62.   The staff attorney officially withdrew from Mr. White's representation on November 20, 2018.   Despite Mr. White's repeated requests to the Public Defender's Office in Ashland

for new representation, no successor counsel has been appointed as of the filing of this Complaint.

63. As of January 11, 2019, Mr. White has been sitting in jail for fifty-two (52) days without being appointed successor counsel.

**Plaintiff Tyler S. Holman**

64. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

65. Plaintiff Tyler S. Holman was arrested and jailed in Bayfield County on November 8, 2018.  Since that date, Mr. Holman has been on a probation hold in the Bayfield County Jail; a revocation proceeding is pending.

66. Probationers and parolees have the right to the assistance of counsel at revocation hearings.  Wis. Admin. Code HA § 2.05(3)(f) (2019).

67. Mr. Holman qualifies for Public Defender representation.   However, the Public Defender's Office in Ashland, which provides counsel to criminal defendants in Bayfield County, did not appoint legal counsel for Mr. Holman's revocation hearing until January 3, 2019.

68. Mr. Holman sat in jail for fifty-six (56) days without being appointed legal counsel for his revocation hearing.

**Plaintiff Tyler J. Hood**

69. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

70. Plaintiff Tyler J. Hood was arrested and jailed in Bayfield County on December 5, 2018.

71.   Mr. Hood qualifies for Public Defender representation.  However, the Public Defender's Office in Ashland, which provides counsel to criminal defendants in Bayfield County, did not appoint legal counsel to Mr. Hood.

72.   After sitting in jail for several weeks, Mr. Hood's family pooled their limited resources to hire private counsel; the private attorney was officially entered into the criminal case on December 26, 2018.

73.   Mr. Hood sat in jail for twenty-one (21) days before his family hired a private attorney.


**Plaintiff Chelsea N. Cadotte**

74.   Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

75.   Plaintiff Chelsea N. Cadotte was arrested and jailed in Bayfield County on November 23, 2018.

76.   Ms. Cadotte qualifies for Public Defender representation.   However, the Public Defender's Office in Ashland, which provides counsel to criminal defendants in Bayfield County, did not appoint legal counsel for Ms. Cadotte.

77.   After adjourning Ms. Cadotte's Initial Appearance four (4) times, the Bayfield County Circuit Court briefly appointed counsel on January 10, 2019; however, that attorney immediately withdrew due to a potential conflict of interest.

78.   Ms. Cadotte sat in jail for forty-seven (47) days without being appointed legal counsel.

///

///

## CLASS ACTION ALLEGATIONS

79.   Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

80.   Plaintiffs bring this class action lawsuit pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all indigent persons who are now or who will be under formal charge before a state court in Wisconsin of having committed any offense, the penalty for which includes the possibility of confinement, incarceration, imprisonment, or detention in a correctional facility (regardless of whether actually imposed), and who are unable to provide for the full payment of an attorney and all other necessary expenses of representation in defending against the charge.

81.   The Plaintiffs in this case represent a class (the "Class"), and this action should be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure.

82.   Every day, dozens, if not hundreds, of individuals who are unable to afford an attorney and who depend on the State of Wisconsin to provide them with effective legal representation are criminally prosecuted in Wisconsin.  As such, the Class is so numerous that joinder of all members is impractical.

83.   There are important questions of law and fact raised in this case that are common to the Class, including:

   a.   Whether the State is required under the United States and Wisconsin Constitutions, and under Wisconsin law, to provide indigent defendants with effective legal representation;

   b.   Whether the State is currently providing constitutionally sufficient representation for indigent defendants in their respective jurisdictions;

c.   Whether the State has violated the United States and Wisconsin Constitutions by failing to implement, administer, and oversee adequate public-defense systems;

d.   Whether, by abdicating its responsibility to fund, supervise, and administer indigent defense services to the counties, the State has failed to ensure that indigent defendants are provided with effective legal representation, all in violation of the United States and Wisconsin Constitutions;

e.   Whether the State's failure to adequately fund and supervise the delivery of indigent defense services impedes the provision of effective legal representation to indigent defendants; and

f.   Whether the State's failure to develop uniform workload and performance standards for public-defense attorneys in Wisconsin impedes the provision of effective legal representation to indigent defendants.

84.   The claims of the Class representatives are typical of the claims of the Class as a whole. Like all of the class members, the Class representatives are being denied their right to counsel, in violation of the Sixth Amendment to the U.S. Constitution and Article 1, Section 7 of the Wisconsin Constitution. This is a direct result of the State's ongoing failure to adequately fund, supervise, and administer indigent defense services in Wisconsin.

85.   The Class representatives will fairly and adequately protect the interests of the Class. The interests of the Class representatives are not in conflict with the interests of any other indigent defendant, and the Class representatives have every incentive to pursue this litigation vigorously on behalf of themselves and the Class as a whole. Moreover, the Class representatives are being represented by experienced counsel.

86. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct, exacerbating the differing and inadequate approaches throughout the state.  Such a risk is of particular concern in this case because the lack of uniform performance standards is central to the Plaintiffs' allegations.

87. The common questions of law and fact articulated above predominate over any case-specific questions that may arise out of any of the individual Class members' criminal cases.  Therefore, a class action is superior to other available methods for the fair and efficient adjudication of this matter.

88. Defendants have failed to adequately fund, supervise, and administer indigent defense services in Wisconsin, thereby violating the rights of poor defendants across the state.  As such, the Defendants have acted and refused to act on grounds generally applicable to the entire Class, thereby making it appropriate for this Court to order final injunctive relief, declaratory relief, and damages in favor of all class members.

///

///

///

///

///

///

///

## CLAIMS FOR RELIEF

**I.    First Claim for Relief:  Violation of the Sixth Amendment to the United States Constitution and 42 U.S.C. § 1983 (All Plaintiffs and the Class against all Defendants)**

Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

The Sixth Amendment to the United States Constitution requires the State of Wisconsin to ensure that all indigent criminal defendants receive meaningful and effective legal representation at all critical stages of their cases.

42 U.S.C. § 1983 provides for suit against the government for constitutional violations.

The State of Wisconsin has violated the Sixth Amendment because it has failed to ensure that all indigent criminal defendants receive meaningful and effective legal representation at all critical stages of their cases, resulting in the constructive denial of counsel.


**II.    Second Claim for Relief:  Violation of Article 1, Section 7 of the Wisconsin Constitution (Right to Counsel) (All Plaintiffs and the Class against All Defendants)**

Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations of all preceding paragraphs.

Article 1, Section 7 of the Wisconsin Constitution requires the State of Wisconsin to ensure that all indigent criminal defendants receive meaningful and effective legal representation.

The State of Wisconsin has failed to ensure that all indigent criminal defendants receive meaningful and effective legal representation at all critical stages of the case, in violation of Article 1, Section 7 of the Wisconsin Constitution.

III.    **Third Claim for Relief:  Violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 (All Plaintiffs and the Class against All Defendants)**

Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the State of Wisconsin to ensure that all indigent criminal defendants receive meaningful and effective legal representation.

42 U.S.C. § 1983 provides for suit against the government for constitutional violations.

The State of Wisconsin has failed to ensure that indigent criminal defendants receive meaningful and effective legal representation at all critical stages of the case, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

IV.    **Fourth Claim for Relief:  Violation of Article 1, Section 8 of the Wisconsin Constitution (Due Process) (All Plaintiffs and the Class against All Defendants)**

Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

Under Article 1, Section 8 of the Wisconsin Constitution, the State of Wisconsin is required to ensure that all indigent criminal defendants receive meaningful and effective legal representation at all critical stages of the case.

The State of Wisconsin has failed to ensure that indigent criminal defendants receive meaningful and effective legal representation at all critical stages of the case, in violation of Article 1, Section 8 of the Wisconsin Constitution.

V.      **Fifth Claim for Relief:   Violation of the Sixth Amendment to the United States Constitution and 42 U.S.C. § 1983 (Plaintiffs Joseph Bender, Jeremy Stroebel, Thomas White, Jr., Tyler Hood, Chelsea Cadotte, and the Class against all Defendants)**

Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

The Sixth Amendment to the United States Constitution requires the State of Wisconsin to ensure that all criminal defendants have the right to a speedy trial.

42 U.S.C. § 1983 provides for suit against the government for constitutional violations.

The State of Wisconsin has violated the Sixth Amendment because it has failed to promptly appoint meaningful and effective legal representation, resulting in the constructive denial of the right to a speedy trial.

VI.     **Sixth Claim for Relief:   Violation of Article 1, Section 7 of the Wisconsin Constitution (Speedy Trial) (Plaintiffs Joseph Bender, Jeremy Stroebel, Thomas White, Jr., Tyler Hood, Chelsea Cadotte, and the Class against all Defendants)**

Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

Under Article 1, Section 7 of the Wisconsin Constitution, the State of Wisconsin is required to ensure that all criminal defendants have the right to a speedy trial.

The State of Wisconsin has failed to promptly appoint meaningful and effective legal representation, resulting in the constructive denial of the right to a speedy trial, in violation of Article 1, Section 7 of the Wisconsin Constitution.

///

///

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues of liability, compensatory, nominal, equitable, punitive, and other damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A) Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B) Declare that the State of Wisconsin is obligated to provide constitutionally adequate representation to indigent criminal defendants;

C) Declare that the constitutional rights of Wisconsin's indigent criminal defendants are being violated by the State on an ongoing basis, and provide a deadline for the State to move this Court for approval of specific modifications to the structure and operation of the State's indigent defense system;

D) Enjoin the State from continuing to violate the rights of indigent defendants by providing constitutionally deficient representation;

E) Enter an injunction requiring the State to propose, for this Court's approval and monitoring, a plan to develop and implement a statewide system of public defense that is consistent with the U.S. Constitution and the Constitution and laws of the State of Wisconsin;

F) Enter an injunction that requires the State to propose, for this Court's approval and monitoring, uniform workload and performance for attorneys representing indigent criminal defendants in the State of Wisconsin in order to ensure accountability and to monitor effectiveness;

G) Enter an injunction establishing minimum standards of courtroom experience or mentorship that must be met before attorneys may be certified to represent indigent criminal defendants;

H) Enter an injunction barring the use of fixed-fee contracts in the delivery of indigent defense services in the State of Wisconsin;

I) Award Plaintiffs and the Class damages for their mental pain and suffering, mental injury, loss of employment and economic opportunity, severe emotional distress, anxiety, humiliation, stigma, loss of reputation, inconvenience, and other damages suffered as a result of the deprivation of their constitutionally-mandated rights;

J) Award Plaintiffs and the Class reasonable attorneys' fees and costs incurred during the course of this litigation pursuant to 42 U.S.C. § 1988, Wis. Stats. § 814.045, the Private Attorney General doctrine, and other applicable law; and

K) Grant any other relief the Court deems necessary and proper to protect the Plaintiffs and the Class from further harm.


## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

///

///

///

DATED this 11th day of January, 2019.


Haukaas Law Office, S.C.
Attorneys for the Plaintiffs



_____/H. Craig Haukaas/_____
H. Craig Haukaas
State Bar No. 1020497
200 Chapple Ave
Ashland, Wisconsin 54806
(715) 685-1001
craig@haukaaslaw.com



_____/T. Blake Gross/_____
T. Blake Gross
State Bar No. 1108012
200 Chapple Ave
Ashland, Wisconsin 54806
(715) 685-1001
blake@haukaaslaw.com